KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>CHRISTOPHER ISAAC REBOLLEDO,<br><br>              Defendant(s). | Criminal Case No. 08CR0722JM<br><br>DATE:    April 18, 2008<br>TIME:    11:00 a.m.<br>Before Honorable Jeffrey T. Miller<br><br>UNITED STATES' MOTIONS FOR:<br><br>(1)    RECIPROCAL DISCOVERY<br>(2)    FINGERPRINT EXEMPLARS; AND<br>(3)    LEAVE TO FILE FURTHER MOTIONS<br><br>TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby files its Motions in the above-referenced case. Said Motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

| | |
|---|---|
| 1 | DATED: March 28, 2008. |
| 2 | Respectfully submitted, |
| 3 | KAREN P. HEWITT<br>United States Attorney |
| 5 | s/ Aaron B. Clark<br>AARON B. CLARK |
| 6 | Assistant United States Attorney |

2

| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | AARON B. CLARK |
| | Assistant U.S. Attorney |
| 3 | California State Bar No. 239764 |
| | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-6787/(619) 235-2757 (Fax) |
| | Email: aaron.clark@usdoj.gov |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | United States of America |

8  UNITED STATES DISTRICT COURT

9  SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0722JM |
| | ) | |
| Plaintiff, | ) | DATE: April 18, 2008 |
| | ) | TIME: 11:00 a.m. |
| v. | ) | Before Honorable Jeffrey T. Miller |
| | ) | |
| CHRISTOPHER ISAAC REBOLLEDO, | ) | UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
| Defendant(s). | ) | |
| | ) | |

**I**

**STATEMENT OF THE CASE**

The Defendant, Christopher Isaac Rebolledo (hereinafter "Defendant"), was charged by a grand jury on March 12, 2008 with violating Title 8 U.S.C. 1326(a) and (b), Attempted Entry after Deportation. Defendant was arraigned on the Indictment on March 21, 2008, and entered a plea of not guilty.

//
//
//
//

3

## II

## STATEMENT OF FACTS

**A.  IMMIGRATION HISTORY**

Defendant is a Mexican citizen who was ordered deported by an immigration judge on July 12, 2007.  Defendant's was subsequently removed from the United States on July 16, 2007 through the Calexico, California Port of Entry.

**B.  RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
| --- | --- | --- | --- |
| 8/30/04 | CASC Downey | PC 211 – Robbery | 3 years |
| 6/19/04 | CASC Long Beach | VC 14601.1(A) - Drive with a Suspended License | 5 days |
| 11/7/02 | CASC Norwalk | HS 11550(A) – Use/Under Influence Controlled Substance (M) | 120 days |
| 7/29/02 | CASC Compton | PC 12025(A)(2) – Carry Concealed Weapon w/Prior<br><br>Probation Revoked (5/29/03)<br><br>Probation Revoked (7/25/03) | 90 days<br><br><br>120 days<br><br>2 years |
| 1/15/02 | CASC Long Beach | PC 594(B)(2)(A) – Vandalism (M) | 5 days |
| 4/26/01 | CASC Southgate | HS 11550(A) – Use/Under Influence of Controlled Substance (M) | 90 days |
| 7/14/00 | CASC Compton | PC 242 – Battery (M) | 35 days |
| 10/12/99 | CASC Compton | PC 12020(A) – Possess/Man/Sell Weapon (M) | 30 days |
| 9/30/99 | CASC Compton | VC 10851(A) – Take Veh. Without Consent (M)<br><br>VC 14601.1(A) – Drive W/ Suspended License | 5 days |
| 6/16/99 | CASC Compton | PC 594(A) – Vandalism (M) | 5 days |

1   **C.   INSTANT OFFENSE**

2   On December 12, 2007, at approximately 9:45 p.m., Border Patrol agents Luis Barragan
3   and Noe Banuelos were performing line watch duties in the area approximately a half mile east of
4   the Tecate, CA Port of Entry and 1 mile north of the United States/Mexico Border.  At the time,
5   an infrared night scope operators notified the agents that they had seen ten people enter the United
6   States illegally.  The scope operators dritect agents to the location where the group was last seen.
7   Agents Barragan and Banuelos shortly thereafter found and approached a group of ten people,
8   Defendant being one of the group.  Agents then asked the group questions in reference to their
9   citizenship.  Defendant and the others admitted they were Mexican citizens without documents to
10  be in the United States legally.  Defendant was subsequently arrested and transported to the Tecate
11  station for processing.

## III

## MOTION FOR RECIPROCAL DISCOVERY

14  The United States hereby moves for reciprocal discovery from Defendant.  To date
15  Defendant has not provided any.  The United States, pursuant to Rule 16 of the Federal Rules of
16  Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and
17  photograph any and all books, papers, documents, photographs, tangible objects, or make copies
18  of portions thereof, which are within the possession, custody or control of Defendant and which
19  Defendant intends to introduce as evidence in his case-in-chief at trial.

20  The United States further requests that it be permitted to inspect and copy or photograph
21  any results or reports of physical or mental examinations and of scientific tests or experiments
22  made in connection with this case, which are in the possession or control of Defendant, which
23  Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a
24  witness whom Defendant intends to call as a witness.  Because the United States will comply with
25  Defendants' requests for delivery of reports of examinations, the United States is entitled to the
26  items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure.  The

5

1  Government also requests a written summary of the names, anticipated testimony, and bases for
2  opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the
3  Federal Rules of Evidence.
4  The United States also requests that the Court make such order as it deems necessary under
5  Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.
6  In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production
7  of prior statements of all witnesses, except a statement made by defendant. This rule thus provides
8  for the reciprocal production of Jencks statements. The time frame established by the rule requires
9  the statement to be provided after the witness has testified. To expedite trial proceedings, the
10 United States hereby requests that Defendant be ordered to supply all prior statements of defense
11 witnesses by a reasonable date before trial to be set by the Court. Such an order should include
12 any form in which these statements are memorialized, including but not limited to, tape recordings,
13 handwritten or typed notes and/or reports.

## IV

## MOTION FOR FINGERPRINT EXEMPLARS

16 As part of its burden of proof at trial, the Government must prove beyond a reasonable
17 doubt that Defendant is the same person who was previously deported from the United States.
18 Defendant's warrants of deportation and related documents bear fingerprints to verify his
19 identity. In order to meet our burden of proof, the United States anticipates calling a certified
20 fingerprint examiner to obtain fingerprint exemplars from Defendant and compare those with
21 the fingerprints on the immigration documents.
22 Defendant has no privilege against providing fingerprint exemplars. The Fifth
23 Amendment privilege is limited to communications or testimonial evidence. Schmerber v.
24 California, 384 U.S. 757, 763-64 (1966). The Government's use of identifying physical
25 characteristics, such as fingerprint exemplars, does not violate a defendant's Fifth Amendment
26 rights. See, e.g., United States v. De Palma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v.

1  United States, 397 F.2d 156 (9th Cir. 1968).  Compare United States v. Jackson, 886 F.2d 838,
2  845 n.8 (7th Cir. 1989) ("There is no doubt that requiring a defendant to give a handwriting
3  specimen does not violate his fifth amendment privilege against self-incrimination since the
4  privilege reaches only compulsion of a defendant's communication.").  Accordingly, the Court
5  should order that Defendant provide fingerprint exemplars to the Government's fingerprint
6  expert.

## V.
## LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

## VI.
## CONCLUSION

For the foregoing reasons, the Government respectfully requests that its motions for reciprocal discovery, fingerprint exemplars and leave to file further motions be granted.

DATED: March 28, 2008.

                                Respectfully submitted,

                                KAREN P. HEWITT
                                United States Attorney

                                s/ Aaron B. Clark
                                AARON B. CLARK
                                Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CHRISTOPHER ISAAC REBOLLEDO,<br><br>Defendant(s). | Case No. 08CR0722-JM<br><br>CERTIFICATE OF SERVICE |
|---|---|

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Christian De Olivas, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 28, 2008.

s/ Aaron B. Clark
AARON B. CLARK