1  KAREN P. HEWITT
   United States Attorney
2  AARON B. CLARK
   Assistant U.S. Attorney
3  California State Bar No. 239764
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6787/(619) 235-2757 (Fax)
   Email: aaron.clark@usdoj.gov
6  Attorneys for Plaintiff
   United States of America
7
                        UNITED STATES DISTRICT COURT
8
                       SOUTHERN DISTRICT OF CALIFORNIA
9

10

11

12

13

14

15

16

17

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0722JM |
|---|---|---|
| Plaintiff, | ) | DATE:       April 18, 2008 |
|  | ) | TIME:       11:00 a.m. |
| v. | ) | Before Honorable Jeffrey T. Miller |
|  | ) |  |
| CHRISTOPHER ISAAC REBOLLEDO, | ) | UNITED STATES' RESPONSE TO |
|  | ) | DEFENDANT'S MOTIONS TO: |
| Defendant(s). | ) |  |
|  | ) | (1)    COMPEL DISCOVERY; AND |
|  | ) | (2)    GRANT  LEAVE  TO  FILE |
|  | ) |        FURTHER MOTIONS |
|  | ) |  |
|  | ) | TOGETHER WITH STATEMENT OF |
|  | ) | FACTS AND MEMORANDUM |
|  | ) | OF POINTS AND AUTHORITIES |

18       COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

19  Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby

20  files its Response to Defendant's Motions in the above-referenced case.  Said Response is based

21  upon the files and records of this case together with the attached statement of facts and

22  memorandum of points and authorities.

23       DATED: March 28, 2008.

24                                          Respectfully submitted,

25                                          KAREN P. HEWITT
                                            United States Attorney
26

27                                          s/ Aaron B. Clark
                                            AARON B. CLARK
28                                          Assistant United States Attorney

1   KAREN P. HEWITT
    United States Attorney
2   AARON B. CLARK
    Assistant U.S. Attorney
3   California State Bar No. 239764
    United States Attorney's Office
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 557-6787/(619) 235-2757 (Fax)
    Email: aaron.clark@usdoj.gov
6
    Attorneys for Plaintiff
7   United States of America

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10                                      )   Criminal Case No. 08CR0722JM
    UNITED STATES OF AMERICA,           )
11                                      )   DATE:        April 18, 2008
                          Plaintiff,    )   TIME:        11:00 a.m.
12                                      )   Before Honorable Jeffrey T. Miller
              v.                        )
13                                      )
    CHRISTOPHER ISAAC REBOLLEDO,        )   UNITED   STATES'   STATEMENT   OF
14                                      )   FACTS   AND   MEMORANDUM   OF
                          Defendant(s). )   POINTS AND AUTHORITIES
15   _____   )

16

17

18                                     **I**

19                       **STATEMENT OF THE CASE**

20        The Defendant, Christopher Isaac Rebolledo (hereinafter "Defendant"), was charged by

21   a grand jury on March 12, 2008 with violating Title 8 U.S.C. 1326(a) and (b), Attempted Entry

22   after Deportation.  Defendant was arraigned on the Indictment on March 21, 2008, and entered a

23   plea of not guilty.

24   //

25   //

26   //

27

28                                     2

## II

## STATEMENT OF FACTS

**A.    IMMIGRATION HISTORY**

Defendant is a Mexican citizen who was ordered deported by an immigration judge on July 12, 2007. Defendant's was subsequently removed from the United States on July 16, 2007 through the Calexico, California Port of Entry.

**B.    RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 8/30/04 | CASC Downey | PC 211 – Robbery | 3 years |
| 6/19/04 | CASC Long Beach | VC 14601.1(A) - Drive with a Suspended License | 5 days |
| 11/7/02 | CASC Norwalk | HS 11550(A) – Use/Under Influence Controlled Substance (M) | 120 days |
| 7/29/02 | CASC Compton | PC 12025(A)(2) – Carry Concealed Weapon w/Prior<br><br>Probation Revoked (5/29/03)<br>Probation Revoked (7/25/03) | 90 days<br><br>120 days<br>2 years |
| 1/15/02 | CASC Long Beach | PC 594(B)(2)(A) – Vandalism (M) | 5 days |
| 4/26/01 | CASC Southgate | HS 11550(A) – Use/Under Influence of Controlled Substance (M) | 90 days |
| 7/14/00 | CASC Compton | PC 242 – Battery (M) | 35 days |
| 10/12/99 | CASC Compton | PC 12020(A) – Possess/Man/Sell Weapon (M) | 30 days |
| 9/30/99 | CASC Compton | VC 10851(A) – Take Veh. Without Consent (M)<br>VC 14601.1(A) – Drive W/ Suspended License | 5 days |
| 6/16/99 | CASC Compton | PC 594(A) – Vandalism (M) | 5 days |

1    **C.**      **INSTANT OFFENSE**

2        On December 12, 2007, at approximately 9:45 p.m., Border Patrol agents Luis Barragan

3    and Noe Banuelos were performing line watch duties in the area approximately a half mile east of

4    the Tecate, CA Port of Entry and 1 mile north of the United States/Mexico Border.  At the time,

5    an infrared night scope operators notified the agents that they had seen ten people enter the United

6    States illegally.  The scope operators drictet agents to the location where the group was last seen.

7    Agents Barragan and Banuelos shortly thereafter found and approached a group of ten people,

8    Defendant being one of the group.  Agents then asked the group questions in reference to their

9    citizenship.  Defendant and the others admitted they were Mexican citizens without documents to

10    be in the United States legally.  Defendant was subsequently arrested and transported to the Tecate

11    station for processing.

12                                           **III**

13                  **MEMORANDUM OF POINTS AND AUTHORITIES**

14    **A.**      **DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE**

15

16        **1.**      **The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure**

17        The government has disclosed, or will disclose well in advance of trial, any statements

18    subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements

19    *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or

20    recorded statements, written records containing substance of Defendant's oral statements *in*

21    *response to government interrogation*, and Defendant's grand jury testimony).

22            a.      The Government Will Comply With Rule 16(a)(1)(D)

23        Defendant has already been provided with his or her own "rap" sheet and the government

24    will produce any additional information it uncovers regarding Defendant's criminal record.  Any

25    subsequent or prior similar acts of Defendant that the government intends to introduce under Rule

26

27

28                                           4

1    404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports,

2    at a reasonable time in advance of trial.

3                    b.         The Government Will Comply With Rule 16(a)(1)(E)

4            The government will permit Defendant to inspect and copy or photograph all books, papers,

5    documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are

6    material to the preparation of Defendant's defense or are intended for use by the government as

7    evidence-in-chief at trial or were obtained from or belong to Defendant.

8            Reasonable efforts will be made to preserve relevant physical evidence which is in the

9    custody and control of the investigating agency and the prosecution, with the following exceptions:

10    drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days,

11    and vehicles are routinely and periodically sold at auction.  Records of radio transmissions, if they

12    existed, are frequently kept for only a short period of time and may no longer be available.

13    Counsel should contact the Assistant United States Attorney assigned to the case two weeks before

14    the scheduled trial date and the Assistant will make arrangements with the case agent for counsel

15    to view all evidence within the government's possession.

16                    c.         The Government Will Comply With Rule 16(a)(1)(F)

17            The government will permit Defendant to inspect and copy or photograph any results or

18    reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof,

19    that are within the possession of the government, and by the exercise of due diligence may become

20    known to the attorney for the government and are material to the preparation of the defense or are

21    intended for use by the government as evidence-in-chief at the trial.  Counsel for Defendant should

22    contact the Assistant United States Attorney assigned to the case and the Assistant will make

23    arrangements with the case agent for counsel to view all evidence within the government's

24    possession.

25    //

26    //

27

28                                                          5

1

2
        d.       The Government Will Comply With Its Obligations Under <u>Brady v. Maryland</u>

3
The government is well aware of and will fully perform its duty under <u>Brady v. Maryland</u>,

4
373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose exculpatory

5
evidence within its possession that is material to the issue of guilt or punishment. Defendant,

6
however, is not entitled to all evidence known or believed to exist that is, or may be, favorable to

7
the accused, or that pertains to the credibility of the government's case. As stated in <u>United States</u>

8
<u>v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

9

10
> [T]he prosecution does not have a constitutional duty to disclose every bit of
> information that might affect the jury's decision; it need only disclose information
> favorable to the defense that meets the appropriate standard of materiality.

11
611 F.2d at 774-775 (citations omitted). <u>See</u> <u>also</u> <u>United States v. Sukumolachan</u>, 610 F.2d 685,

12
687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not

13
exist); <u>United States v. Flores</u>, 540 F.2d 432, 438 (9th Cir. 1976) (<u>Brady</u> does not create any

14
pretrial privileges not contained in the Federal Rules of Criminal Procedure).

15
        e.       Discovery Regarding Government Witnesses

16
        (1)      <u>Agreements.</u> The government has disclosed or will disclose the

17
terms of any agreements by Government agents, employees, or attorneys with witnesses that testify

18
at trial. Such information will be provided at or before the time of the filing of the Government's

19
trial memorandum.[1] The government will comply with its obligations to disclose impeachment

20
evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

21
        (2)      <u>Bias or Prejudice.</u> The government has provided or will provide

22
information related to the bias, prejudice or other motivation to lie of government trial witnesses

23
as required in <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

24

25
[1]     As with all other offers by the government to produce discovery earlier than it is required
to do, the offer is made without prejudice. If, as trial approaches, the government is not prepared

26
to make early discovery production, or if there is a strategic reason not to do so as to certain
discovery, the government reserves the right to withhold the requested material until the time it

27
is required to be produced pursuant to discovery laws and rules.

28

1          (3)     Criminal Convictions.  The government has produced or will

2   produce any criminal convictions of government witnesses plus any *material* criminal acts which

3   did not result in conviction.  The government is not aware that any prospective witness is under

4   criminal investigation.

5          (4)     Ability to Perceive.  The government has produced or will produce

6   any evidence that the ability of a government trial witness to perceive, communicate or tell the

7   truth is impaired or that such witnesses have ever used narcotics or other controlled substances,

8   or are alcoholics.

9          (5)     Witness List.  The government will endeavor to provide Defendant

10  with a list of all witnesses which it intends to call in its case-in-chief at the time the government's

11  trial memorandum is filed, although delivery of such a list is not required.  See United States v.

12  Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986);

13  United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).  Defendant, however, is not entitled to

14  the production of addresses or phone numbers of possible government witnesses.  See United

15  States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974).

16  Defendant has already received access to the names of potential witnesses in this case in the

17  investigative reports previously provided to him or her.

18         (6)     Witnesses Not to Be Called.  The government is not required to

19  disclose all evidence it has or to make an accounting to Defendant of the investigative work it has

20  performed.  Moore v. Illinois, 408 U.S. 786, 795 (1972); see  United States v. Gardner, 611 F.2d

21  770, 774-775 (9th Cir. 1980).  Accordingly, the government objects to any request by Defendant

22  for discovery concerning any individuals whom the government does not intend to call as

23  witnesses.

24         (7)     Favorable Statements.  The government has disclosed or will

25  disclose the names of witnesses, if any, who have made favorable statements concerning Defendant

26  which meet the requirements of Brady.

27

28                                               7

1        (8)   <u>Review of Personnel Files.</u>  The government has requested or will

2 request a review of the personnel files of all federal law enforcement individuals who will be called

3 as witnesses in this case for <u>Brady</u> material.  The government will request that counsel for the

4 appropriate federal law enforcement agency conduct such review.  <u>United States v. Herring</u>, 83

5 F.3d 1120 (9th Cir. 1996); <u>see</u>, <u>also</u>, <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir.

6 1992); <u>United States v. Dominguez-Villa</u>, 954 F.2d 562 (9th Cir. 1992).

7      Pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and <u>United States v.</u>

8 <u>Cadet</u>, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable

9 to the defense that meets the appropriate standard of materiality . . ." <u>United States v. Cadet</u>, 727

10 F.2d at 1467, 1468.  Further, if counsel for the United States is uncertain about the materiality of

11 the information within its possession in such personnel files, the information will be submitted to

12 the Court for <u>in camera</u> inspection and review.

13        (9)   <u>Government Witness Statements.</u> Production of witness statements

14 is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies

15 on direct examination. <u>United States v. Taylor</u> , 802 F.2d 1108, 1118 (9th Cir. 1986); <u>United States</u>

16 <u>v. Mills</u>, 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material believed to be exculpatory and

17 therefore subject to disclosure under the <u>Brady</u> doctrine, if contained in a witness statement subject

18 to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under

19 the Act.  <u>See</u> <u>United States v. Bernard</u>, 623 F.2d 551, 556-57 (9th Cir. 1979).

20      The government reserves the right to withhold the statements of any particular witnesses

21 it deems necessary until after the witness testifies.  Otherwise, the government will disclose the

22 statements of witnesses at the time of the filing of the government's trial memorandum, provided

23 that defense counsel has complied with Defendant's obligations under Federal Rules of Criminal

24 Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse

25 Jencks" statements at that time.

26

27

28                 8

1

2

f.      The Government Objects To The Full Production Of Agents' Handwritten Notes At This Time

Although the government has no objection to the preservation of agents' handwritten notes, it objects to requests for full production for immediate examination and inspection.  If certain rough notes become relevant during any evidentiary proceeding, those notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions *and* they have been approved or adopted by the witness.  United States v. Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin,  659 F.2d 932, 936-938 (9th Cir. 1981).

g.      All Investigatory Notes and Arrest Reports

The government objects to any request for production of all arrest reports, investigator's notes, memos from arresting officers, and prosecution reports pertaining to Defendant.  Such reports, except to the extent that they include Brady material or the statements of Defendant, are protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in connection with the investigation or prosecution of the case."

Although agents' reports may have already been produced to the defense, the government is not required to produce such reports, except to the extent they contain Brady or other such material.  Furthermore, the government is not required to disclose all evidence it has or to render an accounting to Defendant of the investigative work it has performed.  Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

h.      Expert Witnesses.

Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial memorandum, the government will provide the defense with notice of any expert witnesses the testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R. of Evidence in its case-in-chief.  Such notice will describe the witnesses' opinions, the bases and the

9

1    reasons therefor, and the witnesses' qualifications.  Reciprocally, the government requests that the

2    defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

3                        i.          Information Which May Result in Lower Sentence.

4          Defendant has claimed or may claim that the government must disclose information about

5    any cooperation or any attempted cooperation with the government as well as any other

6    information affecting Defendant's sentencing guidelines because such information is discoverable

7    under Brady v. Maryland.  The government respectfully contends that it has no such disclosure

8    obligations under Brady.

9          The government is not obliged under Brady to furnish a defendant with information which

10    he already knows.  United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), cert. denied,

11    479 U.S. 1094 (1987); United States v. Prior, 546 F.2d 1254, 1259 (5th Cir. 1977).  Brady is a rule

12    of disclosure.  There can be no violation of Brady if the evidence is already known to Defendant.

13          Assuming that Defendant did not already possess the information about factors which

14    might affect their respective guideline range, the government would not be required to provide

15    information bearing on Defendant's mitigation of punishment until after Defendant's conviction

16    or plea of guilty and prior to his sentencing date.  "No [Brady] violation occurs if the evidence is

17    disclosed to the defendant at a time when the disclosure remains of value."  United States v.

18    Juvenile Male, 864 F.2d 641 (9th Cir. 1988).

19    **D.     NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS**

20          The United States does not object to the granting of leave to allow Defendant to file further

21    motions, as long as the order applies equally to both parties and additional motions are based on

22    newly discovered evidence or discovery provided by the United States subsequent to the instant

23    motion at issue.

24    //

25

26                                          **IV**

27

28                                          10

1

**CONCLUSION**

2    For the foregoing reasons, the government respectfully requests that Defendant's motions,

3    except where not opposed, be denied.

4

5    DATED: March 28, 2008.

6    Respectfully submitted,

7    KAREN P. HEWITT
     United States Attorney

8

9    s/ Aaron B. Clark
     AARON B. CLARK

10   Assistant United States Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

| UNITED STATES OF AMERICA, | Case No. 08CR0722-JM |
|---|---|
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| CHRISTOPHER ISAAC REBOLLEDO, | |
| Defendant. | |

9

10

11

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12

13

I am not a party to the above-entitled action.  I have caused service of UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

14

15

1.  Christian De Olivas, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

16

17

Executed on March 28, 2008.

18

19

s/ Aaron B. Clark
AARON B. CLARK

20

21

22

23

24

25

26

27

28